UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 09-CV-11114-RGS

JUAN PAGAN, Pro Se

v.

HAROLD W. CLARKE and PETER ST. AMAND

MEMORANDUM AND ORDER ON REPORT AND
RECOMMENDATION OF THE MAGISTRATE JUDGE

September 7, 2010

STEARNS, D.J.

While I agree generally with Magistrate Judge Boal's Report, I disagree with her conclusion that petitioner Pagan's Eighth Amendment claim survives. The Magistrate Judge was of the view that having failed to confront petitioner's Excessive Fines claim directly, respondents had waived any opposition to its going forward. However, as respondents note in their partial opposition to the Magistrate Judge's Report, the Statement of Undisputed Material Facts clearly identifies the "fine" about which Pagan complains as a restitutionary sanction imposed pursuant to a Department of Correction regulation, 103 DOC 525.08.[1] While it is not entirely the case (as respondents seem to imply) that a civil penalty can never implicate the Excessive Fines Clause, see United States v. Halper, 490 U.S. 435, 449-450 (1989), as modified by Hudson v. United States, 522 U.S. 93 (1997), respondents are correct that a regulatory penalty imposed on a state prisoner by a disciplinary hearing officer raises at best an issue under the Fourteenth Amendment's Due Process Clause, and not one under the Eighth Amendment. The

---

[1] Having been found guilty of a controlled substances violation, Pagan was required to pay the costs of drug monitoring and testing as part of a disciplinary sanction.

Department of Correction regulation on its face is a remedial measure that is civil in substance and context. A court will not lightly recast a State-imposed sanction as criminal in intent when a State deems it otherwise. "'[O]nly the clearest proof' will suffice to override legislative intent and transform what has been denominated a civil remedy into a criminal penalty." Hudson, 522 U.S. at 100. As to petitioner's due process claim, as the Statement of Undisputed Material Facts makes clear, petitioner was afforded notice, a full hearing at which he was permitted to make a statement and call witnesses, and was given a written determination of the reasons why the hearing officer had imposed the restitutionary sanction. This is all that the Due Process Clause requires.[2] See Zinermon v. Burch, 494 U.S. 113, 125-126 (1990).

While it is true that respondents did not address the Excessive Fines Clause claim in so many words, the memorandum they filed in support of the dispositive motion made the appropriate due process argument. Having correctly identified the constitutional claim at issue, respondents were under no obligation to address an extraneous claim simply because a petitioner unschooled in the law had given it the wrong constitutional label. Finally, it must be remarked that Pagan twice failed to take advantage of the opportunities given him by the Magistrate Judges who considered his petition to file an opposition to the

---

[2]The due process claim itself has very little by way of foundation. There is no liberty interest at stake. See Sandin v. Connor, 515 U.S. 472, 483-84 (1995), ("States may under certain circumstances create liberty interests which are protected by the Due Process Clause . . . . But these interests will be generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, . . . nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life."). At most, a property interest of a marginal magnitude is implicated. See Bd. of Regents of State Colls. v. Roth, 408 U.S. 564, 569 (1972).

2

dispositive motion. He also failed to file any objection to the Report and Recommendation. Under the circumstances, there is no convincing reason to require respondents to litigate a meritless issue further.

For the foregoing reasons, the court ADOPTS the Report as modified by this Memorandum and will DISMISS the petition with prejudice. The Clerk will enter an order of dismissal and close the case.

SO ORDERED.

/s/ Richard G. Stearns

_____
UNITED STATES DISTRICT JUDGE